UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CDCR,<br><br>　　　　　Respondent. | No. 2:20-cv-0181 DB P<br><br><br>ORDER |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a 2018 prison disciplinary conviction that resulted in a loss of sentence credits. Before the court is petitioner's petition for screening and his motion to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order respondent to respond to the petition. Rule 5, Rules Governing § 2254 Cases.

1

A petitioner who is in state custody and wishes to challenge his conviction by a petition for writ of habeas corpus must have exhausted state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal bases. Duncan, 513 U.S. at 365 (legal basis); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Upon review of the instant petition for writ of habeas corpus, it appears that petitioner has not presented his claim regarding his disciplinary conviction to the highest state court, the California Supreme Court. If he has not done so, the petition must be dismissed without prejudice to its renewal after petitioner has filed a petition in the California Supreme Court and the California Supreme Court has denied it. If petitioner has presented his claim regarding his disciplinary conviction to the California Supreme Court, petitioner must inform this court that he has exhausted his state court remedies. Without knowing what claims, if any, have been presented to the California Supreme Court, the court is unable to proceed to the merits of the petition. See 28 U.S.C. § 2254(b)(1).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Within thirty (30) days of the date of this order, petitioner must inform the court whether he has presented any federal constitutional claims regarding his disciplinary conviction to the California Supreme Court. If possible, petitioner should provide the

////

court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court.

3. Plaintiff is warned that if he fails to comply with this order, this court will recommend dismissal of this action.

Dated: February 7, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/ausb0181.osc exh